**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Henry Fletcher, | ) | |
| | ) | Civil Action No.: 0:16-3528-MBS-PJG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sgt. Bokinstrke, Warden Dunlap, Lieutenant Salmon, Associate Warden Stonebreaker, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Henry Fletcher ("Plaintiff"), proceeding *pro se*, brought the underlying action against Defendants Sgt. Bokinstrke, Warden Dunlap, Lieutenant Salmon, and Associate Warden Stonebreaker ("Defendants"), alleging civil rights violations pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq. ECF No. 1. Subsequently, Defendants filed a motion to dismiss and motion for summary judgment on February 17, 2017, and June 2, 2017, respectively. ECF Nos. 22, 61. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") filed July 17, 2017. ECF No. 68.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a Muslim state prisoner at Kershaw Correctional Institution in Kershaw, South Carolina. ECF No. 1. Plaintiff asserts that on June 19, 2016, the prison was locked down, and as a result, Muslim inmates were not served an evening meal until 11:00 pm without the opportunity to warm the food. *Id.* at 5. Plaintiff further claims that Defendants treated Muslim and Christian inmates differently because Muslims were not fed during appropriate hours during

1

Ramadan while Christian inmates were always allowed to attend programs and worship services on time. *Id.* at 6.

On July 5, 2016, Plaintiff filed an inmate grievance with the prison alerting authorities that he and his fellow Muslim inmates were not being fed at proper times during their observance of Ramadan. ECF No. 1-1 at 1. On July 14, 2016, the Warden replied that "the issue was addressed through security who were advised to feed the Muslim population within the guidelines of your religious Ramadan services. All unit Managers and Cafeteria Supervisor were notified to follow the guidelines that were implemented to adjust to Ramadan services." *Id.* at 2. On July 25, 2016, Plaintiff filed a second inmate grievance raising the same claims raised in his first report. *Id.* at 3. On November 20, 2016, Plaintiff filed an additional grievance asserting that he was not allowed to attend Islamic Jum'ah while Christians were allowed to use the chapel. On October 27, 2016, Plaintiff filed the underlying complaint alleging that, during the month of Ramadan, he and other practicing Muslims were discriminated against. *Id.* at 4. Plaintiff requests relief in the amount of two hundred million dollars. *Id.*

## II. LEGAL STANDARDS

### A. *Motion to Dismiss*

A Rule12 (b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 455,489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555 (2007)(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft*

*v. Iqbal*, 556 U.S 662, 678 (2009). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id.* at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id.* To determine plausibility, courts are to "draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but it has not 'show[n]'---'that the pleader is entitled to relief." *Id.* (citing Fed. Rule Civ. P. 8(a)(2)).

## B. Motion for Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

## C. Magistrate Judge Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonia Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.

3

1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

#### A. *Defendants' Motion to Dismiss*

Defendants move to dismiss Plaintiff's claims, asserting, "as Plaintiff has brought this action against SCDC employees in their official capacities seeking money damages, his § 1983 claim for damages should be dismissed with prejudice." ECF No. 22 at 3. In his motion in opposition to Defendants' motion to dismiss, Plaintiff claims that members of the prison staff were "calling [him] names and putting [him] in danger." ECF No. 53 at 1. He again asks that the court not dismiss the case as he is still completing grievances with the prison concerning additional claims. *Id.*

In her Report, the Magistrate Judge agrees with Defendants, finding that they are immune from Plaintiff's suit and entitled to sovereign immunity. ECF No. 68 at 5. Following the issuance of the Magistrate Judge's Report, Plaintiff filed a letter that includes additional grievances he filed with the prison. ECF No. 71. Plaintiff makes no specific objections to the Magistrate Judge's Report. Instead, Plaintiff asks the court to consider various filed grievances where Plaintiff again asserts that he was not allowed to attend weekly Jum'ah, and was denied access to serving on the IRC board. ECF No. 72.[1] Plaintiff attached a Memorandum from Bryan P. Stirling, Director of the

---

[1] While Plaintiff attaches several grievances to his opposition, when deposed, Plaintiff made clear that the underlying suit does not pertain to his allegations of missing prayer services and instead is solely based on the way he and similarly situated Muslims were served meals during their observance of Ramadan. ECF No. 61-1 at 3-4. Plaintiff has not filed to amend his complaint to include additional complaints concerning Ju'mah services. Furthermore, when asked during his deposition whether Plaintiff planned to file a lawsuit about his Ju'mah grievance, Plaintiff replied, "I might have to." *Id.* at 19.

4

South Carolina Department of Corrections concerning "Ramadan Fast and 'Eid-Ul-Fitr', as a supporting document. ECF No. 72-1.

Section 1983 allows plaintiffs to seek monetary damages from governmental officials who have violated their constitutional rights. 42 U.S.C. § 1983. Specifically, Section 1983 establishes liability against:

> Every person who, under statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or another person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

*Id.*

A state cannot, without its consent, be sued by its own citizens in federal court. *See Edleman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to the states, but also "protects state agents and state instrumentalities" also known as "the arms of the State." *Bland v. Roberts*, 730 F.3d 368, 389-90 (4th Cir. 2013)(internal citation omitted). As the Magistrate Judge noted, "Kershaw Correctional Institution is operated by the South Carolina Department of Corrections, a state agency and the [D]efendants' employer. As state employees, the [D]efendants are entitled to sovereign immunity from suits for damages against them in their official capacities." ECF No. 68 at 5 (*citing Pennhurst State Sch.*, 465 U.S. 89, 101-02 (1984)).

As a result, this court finds that Plaintiff's § 1983 claim against Defendants in their official capacities must be dismissed.

### B. *Motion for Summary Judgment*

In their motion for summary judgment, Defendants assert that Plaintiff's complaint fails as a matter of law because (1) "All claims other than the June 19, 2016 incident are not ripe for consideration as Plaintiff is still in the process of exhausting his administrative remedies; (2) Plaintiff has failed to meet his burden of demonstrating a prima face case of a violation under the

5

RLUIPA; and (3) there are no facts to support a claim against the Defendants." ECF No. 61 at 4-5.

Plaintiff responds to Defendants' arguments in his opposition to Defendants' motion for summary judgment again asserting that "What went on was religious discrimination by not allowing me to attend Ramadan the right way and bringing me cold food and not allowing me to heat it up in the microwave on at least 6-16-2016 pm and 6-19-2016 pm and 6-20-2016 am." ECF No. 65 at 1. Furthermore, Plaintiff claims that he believes such rights would not have been violated if he were Christian. *Id.* Plaintiff provides no additional evidence to support his claims.

In the Report, the Magistrate Judge agrees with Defendants' position, finding that Plaintiff was unable to demonstrate or provide *prima facie* evidence to support his claim that there was a "substantial burden [] placed on the exercise of his religion by the [D]efendants." ECF No. 68 at 5. Specifically, the Magistrate Judge posits:

> Plaintiff, with no supporting testimony, alleges that on one occasion he had to eat a cold meal later than he normally would have after the sun went down during Ramadan, and the next day, he was served a meal after sunrise. However, Plaintiff fails to provide any evidence that he was served a meal after sunrise. Further Plaintiff fails to provide any evidence that this isolated incident was a substantial burden to his religion.

*Id.* at 6-7.

Pursuant to the RLUPIA:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confided to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1.

Plaintiff has the burden of producing *prima facie* evidence to show "he holds a sincere religious belief that is substantially burdened by the challenged governmental[2] practice." ECF No. 68 at 6 (*citing Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015). Once this initial showing is made, the burden shifts to Defendants to show that the action was in furtherance of a compelling governmental interest and was the least restrictive means of furthering the compelling governmental interest. *See Id.* A substantial burden is one that "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006)(*citing Thomas v. Review Bd. of Id. Employment Sec. Div.*, 450 U.S. 707, 718 (1981)).

Plaintiff's underlying claims can be distinguished from those raised in *Lovelace*. In *Lovelace*, the court found that the defendant prison officials had substantially burdened the plaintiff's exercise of religion when they removed him from a list of approved inmates who could participate in Ramadan. *Lovelace*, 472 F.3d at 187. The plaintiff was a member of the Nation of Islam ("NOI"). *Id.* After participating in the first few days of the religious observance, plaintiff was removed from the "pass list", meaning he was no longer approved to participate in meals provided before sunrise and after sunset. *Id.* The removal from the list also meant that plaintiff would be unable to participate in post meal prayers with fellow members of his faith. *Id.* This was especially important because all other prayer services for the NOI were canceled during Ramadan. *Id.* The Fourth Circuit ultimately found that the plaintiff's removal from the Ramadan observance list qualified as a substantial burden under RLUIPA as the Plaintiff was denied his ability to observe Ramadan for twenty-four of its thirty days. *Id.* at 188.

---

[2] "'Government' includes any official of a 'State, county, municipality, or other governmental entity created under the authority of a State' and any other person 'acting under color of State law.'" *Lovelace v. Lee*, 472 F.3d 174, 185 (4th Cir. 2006).

As the Magistrate Judge concluded in the underlying action, "Plaintiff has failed to meet his burden of providing prima facie evidence to support his claim that the [D]efendants substantially burdened his religious exercise." ECF No. 68 at. 6. Plaintiff acknowledges that the late receipt of meals was a result of a dorm wide lock down. ECF No. 61-1 at 14-15. Thus, the prison's actions were not a substantial burden on Plaintiffs' religious exercise and instead were minor inconveniences that occurred over a twelve hour period due to prion security concerns. Therefore, Plaintiff's claims under the RLUPIA also fail and Defendants are entitled to summary judgment as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation. Defendants' motion to dismiss, ECF No. 22, and motion for summary judgment, ECF No. 61, are **GRANTED**. Plaintiff's complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
August 18, 2017